ORDERED.

**Dated:  October 29, 2021**

Karen S. Jennemann
United States Bankruptcy Judge

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**
www.flmb.uscourts.gov

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| Waters M Le, | ) | Case No. 6:21-bk-02637-KSJ |
| | ) | Chapter 7 |
| Debtor. | ) | |
| | ) | |

## MEMORANDUM OPINION GRANTING
## DEBTOR'S MOTION TO AVOID TRUIST BANK'S LIEN

If a creditor gets a deficiency judgment after foreclosing on non-homestead real property, can a Chapter 7 debtor avoid the resulting lien when it impairs his exempt homestead? As a matter of first impression in Florida, I conclude the answer is "yes."

Debtor, Waters M Le, seeks to avoid the judgment lien of Truist Bank ("Truist"), formerly known as Branch Banking and Trust Company ("BB&T"), under § 522(f) of the Bankruptcy Code[1] claiming it impairs his homestead exemption.[2] Truist objects[3]

---

[1] Unless otherwise stated, all references to the Bankruptcy Code refer to Title 11 of the United States Code.
[2] Doc. No. 11.
[3] Doc. Nos. 17 and 41. Debtor filed a Response. Doc. No. 42.

contending that, because its deficiency judgment arose out of a mortgage foreclosure action, the lien is not avoidable under § 522(f)(2)(C).

Truist's predecessor, BB&T, held a mortgage on real property on Canton Street in Orlando (the "Canton St. Property"). After Debtor defaulted on this loan, a foreclosure action was filed in 2010 (the "Foreclosure Action").[4] The Canton St. Property was sold at a foreclosure sale and, on March 14, 2011, the state court entered a Final Deficiency Judgment ("Deficiency Judgment") for approximately $95,000 against Debtor.[5] It is this Deficiency Judgment Debtor seeks to avoid.

Earlier, in 2004, Debtor had obtained an undivided one-half interest in real property on East Jefferson Street in Orlando, Florida (the "Jefferson St. Property"). In 2011, Truist recorded a certified copy of the Deficiency Judgment creating a judgment lien on the Jefferson St. Property.[6]

Debtor filed a Chapter 7 bankruptcy petition on June 6, 2021 ("Petition Date").[7] Debtor lived in the Jefferson St. Property on the Petition Date. And, in his amended schedules,[8] he appropriately claimed the Jefferson St. Property as exempt under Florida's

---

[4] *Branch Banking & Trust Co. v. Le*, No. 2010-CA-011133-O (Fla. 9th Cir. Ct. filed May 7, 2010).

[5] Final Judgment, *Branch Banking & Trust Co. v. Le*, No. 2010-CA-011133-O (Fla. 9th Cir. Ct. Mar. 14, 2011).

[6] O.R. Book 10190, Page 1954, Doc. No. 20110153887, Public Records of Orange County, Florida.

[7] Doc. No. 1. "For purposes of § 522(f), a debtor's entitlement to a claim of exemption is determined as of the petition date." *In re Badalamenti*, No. 6:15-bk-07246-KSJ, 2021 WL 3028186, at *4 (Bankr. M.D. Fla. July 15, 2021) (quoting *In re Cannon*, 568 B.R. 859, 864 (Bankr. M.D. Fla. 2016)).

[8] Debtor amended the schedules on June 18 and 21, 2021. Doc. Nos. 10 and 13. Under Bankruptcy Rule 1009, a debtor's schedules may be amended by the debtor as a matter of course at any time before the case is closed. Fed. R. Bankr. P. 1009.

homestead law.[9] The Court specifically finds the Jefferson St. Property qualified as Debtor's homestead as of the Petition Date.[10]

Debtor now seeks to avoid the lien arising from Truist's Deficiency Judgment arguing it impairs his homestead exemption.[11] Remember, the Deficiency Judgment was entered in 2011, after Truist foreclosed upon the Canton St. Property, not against Debtor's exempt homestead, the Jefferson St. Property.[12] Truist objects contending the lien arises from a mortgage foreclosure action and may not be avoided under § 522(f)(2)(C).[13] The issue is whether a debtor can avoid a creditor's deficiency judgment if it is unrelated to any foreclosure action involving the debtor's exempt homestead.

Under § 522(f)(1) of the Bankruptcy Code, debtors may avoid judgment liens that impair their homestead.[14] "Congress enacted § 522(f) with the broad purpose of protecting the debtor's exempt property."[15] Section 522(f) provides:

> (f)(1) Notwithstanding any waiver of exemptions but subject to paragraph (3), the debtor may avoid the fixing of a lien on an interest of

---

[9] "In Florida, homestead is established by actual occupancy of the subject property accompanied by the intent to reside in the property as one's homestead." *In re Callejo*, No. 14-25597 BKC AJC, 2015 WL 779002, at *2 (Bankr. S.D. Fla. Feb. 23, 2015). The character of a property as homestead "depends upon an actual intention to reside thereon as a permanent place of residence, coupled with the fact of residence." *In re Harle*, 422 B.R. 310, 314 (Bankr. M.D. Fla. 2010) (quoting *In re Bennett*, 395 B.R. 781, 789 (Bankr. M.D. Fla. 2008)). Truist does not contest that as of the Petition Date, Jefferson St. Property qualified as Le's homestead. Doc. No. 41.

[10] While Truist filed an Objection to Debtor's claim of Homestead Exemption, Doc. No. 18, the Court overruled the Objection, Doc. No. 43.

[11] Doc. No. 11.

[12] Under Florida law, a creditor may pursue a deficiency judgment either in a foreclosure action or in a newly filed action. *Aluia v. Dyck-O'Neal, Inc.*, 205 So. 3d 768, 773 (Fla. 2d DCA 2016) ("Under Florida law, a suit for a deficiency decree is an equitable action on the final judgment entered in a foreclosure action in the state where the real property at issue is located."); *Royal Palm Corp. Ctr. Ass'n, Ltd. v. PNC Bank, NA*, 89 So. 3d 923, 932 (Fla. 4th DCA 2012) (recognizing that a plaintiff may bring a "separate law action[] on the foreclosure judgment[] for the deficiency"). So, deficiency judgments are untethered from the foreclosure process once the foreclosure sale occurs, and a deficiency judgment is no different from any other type of money judgment because payment is no longer secured by any type of real property.

[13] Doc. Nos. 17 and 41.

[14] 11 U.S.C. § 522(f)(1)(A); *see also In re Cooper*, 202 B.R. 319, 321 (Bankr. M.D. Fla. 1995), *aff'd sub nom. Gibson Grp., Ltd. v. Cooper (In re Cooper)*, 197 B.R. 698 (M.D. Fla. 1996).

[15] *Farrey v. Sanderfoot*, 500 U.S. 291, 297, 111 S. Ct. 1825, 1829 (1991).

the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—

(A) a judicial lien . . .

. . . .

(2)(A) For the purposes of this subsection, a lien shall be considered to impair an exemption to the extent that the sum of—

> (i) the lien;

> (ii) all other liens on the property; and

> (iii) the amount of the exemption that the debtor could claim if there were no liens on the property;

exceeds the value that the debtor's interest in the property would have in the absence of any liens.

(B) In the case of a property subject to more than 1 lien, a lien that has been avoided shall not be considered in making the calculation under subparagraph (A) with respect to other liens.

(C) This paragraph shall not apply with respect to a judgment arising out of a mortgage foreclosure.[16]

Is Truist's Deficiency Judgment a "judgment arising out of a mortgage foreclosure," within the meaning of § 522(f)(2)(C), making it unavoidable?

"A split in authority has emerged on this issue. The overwhelming majority of courts hold that mortgage deficiency liens are not judgments that arise out of a

---

[16] 11 U.S.C. § 522(f).

mortgage foreclosure and are therefore avoidable under § 522(f)."[17] The Eleventh Circuit has not weighed in on the issue and only one court within this Circuit has decided this issue.[18] The majority of courts, including the United States Bankruptcy Appellate Panel of the Sixth Circuit,[19] have followed the reasoning set forth by the First Circuit in *In re Hart*.[20]

In *In re Hart*, the First Circuit examined § 522(f)(2)(C) and concluded:

> Section 522(f)(2)(C) does not create different treatment for "a judgment arising out of a mortgage foreclosure." Instead, Congress used § 522(f)(2)(C) to contrast mortgage foreclosure judgments from liens which are avoidable under § 522(f), clarifying that the entry of a foreclosure judgment does not convert the underlying consensual mortgage into a judicial lien which may be avoided. Mortgage foreclosure judgments do not become judicial liens subject to avoidance under § 522.[21]

The First Circuit determined that the phrase "this paragraph" refers to § 522(f)(2), as opposed to "this subsection" which would refer to all of § 522(f).[22] The Court also emphasized Congress' chosen language, specifically that Congress used the word "lien" throughout § 522(f) and only used the word "judgment" in § 522(f)(2)(C).[23] And

---

[17] *First Nat'l Bank of Manchester v. Elza*, 536 B.R. 415, 417 (E.D. Ky. 2015) (alterations and quotation marks omitted) (citing *Banknorth, N.A. v. Hart (In re Hart)*, 328 F.3d 45 (1st Cir. 2003); *In re Maxwell*, No. 09-35713, 2010 WL 4736206 (Bankr. E.D. Tenn. Nov. 16, 2010); *In re Burns*, 437 B.R. 246 (Bankr. N.D. Ohio 2010); *In re Linane*, 291 B.R. 457, 461 (Bankr. N.D. Ill. 2003); *Carson v. CitiMortgage, Inc. (In re Carson)*, 274 B.R. 577 (Bankr. D. Conn. 2002); *In re Smith*, 270 B.R. 557 (Bankr. W.D.N.Y. 2001)).

[18] *In re Phillips*, 439 B.R. 892 (Bankr. N.D. Ala. 2010).

[19] *In re Pace*, 569 B.R. 264, 271 (B.A.P. 6th Cir. 2017); *see also, e.g.*, *In re Linane*, 291 B.R. at 461; *In re Phillips*, 439 B.R. 892; *In re Rose*, No. 11-62057-7, 2012 WL 1492338 (Bankr. D. Mont. Apr. 27, 2012); *In re Mammen*, No. 10-16378-BFK, 2019 WL 2867103 (Bankr. E.D. Va. June 28, 2019).

[20] *In re Hart*, 328 F.3d 45.

[21] *Id.* at 49.

[22] *Id.* at 48.

[23] *Id.* at 49.

although some courts have focused their analyses on state foreclosure law,[24] the Court in *In re Hart* stated because the statute was sufficiently clear there was no reason to analyze state foreclosure law to interpret the statute; deficiency judgment liens are subject to avoidance under § 522(f) regardless of the underlying state foreclosure process.[25]

Only one judge, the Honorable Albert S. Dabrowski, in two opinions—*In re Cruiscuolo*[26] and *In re Vincent*[27]—has disagreed with the majority and held that § 522(f)(2)(C) protects post-foreclosure deficiency judgments from avoidance.[28] Truist now asks this Court to follow Judge Dabrowski's outlier reasoning.

Having considered the varying interpretations of the statute and decisions regarding whether a mortgage deficiency judgment lien is a "judgment arising out of a mortgage foreclosure" within the meaning of § 522(f)(2)(C), I find the First Circuit's analysis in *In re Hart* to be the most persuasive. Because § 522(f)(2)(C) is unambiguous, "reference to either state law or legislative history is not required to interpret or apply

---

[24] *E.g.*, *Cal Cent. Trust Bankcorp v. Been (In re Been)*, 153 F.3d 1034, 1036 (9th Cir. 1998); *In re Phillips*, 439 B.R. 892; *In re Burns*, 437 B.R. 246; *In re Maxwell*, 2010 WL 4736206.

[25] *In re Hart*, 328 F.3d at 49 (quoting *In re Linane*, 291 B.R. at 461) ("Rather, a deficiency judgment—whether it arises in a foreclosure action as in Maine or in a separate action as in Massachusetts—is a non-consensual judicial lien like any other which is subject to avoidance under § 522(f).").

[26] *In re Criscuolo*, 386 B.R. 389 (Bankr. D. Conn. 2008) (criticizing the *In re Hart* decision and finding that § 522(f)(2)(C) is a "component of a Congressional scheme of favorable statutory treatment for mortgagees, so as to encourage and sustain a flow of affordable capital into the real estate lending market").

[27] *In re Vincent*, 260 B.R. 617 (Bankr. D. Conn. 2000) (finding § 522(f) is ambiguous and holding "although they are ambiguous in the present context, the words, 'judgment arising out of . . . a mortgage foreclosure,' more naturally suggest the mechanics of a Connecticut deficiency judgment rather than that of mortgage transmutation").

[28] Another judge from the same district, the Honorable Robert L. Krechevsky, disagreed with Judge Dabrowski and held that post-foreclosure deficiency judgments were not protected from avoidance based on § 522(f)(2)(C). *In re Carson*, 274 B.R. 577.

it."[29] Based on its plain meaning, § 522(f)(2)(C) does not preclude avoidance of a mortgage deficiency judgment lien; it "clarifies that judgments authorizing the sale of mortgaged premises are not judicial liens subject to avoidance under § 522(f)(1)."[30]

Based on this conclusion, Debtor's Motion to Avoid Lien is granted. Truist's Objection is overruled. The Deficiency Judgment is not a "judgment arising out of a mortgage foreclosure" and is avoided to the extent it impairs Debtor's homestead exemption. A separate order consistent with this Memorandum Opinion will issue.

### 

Attorney Robert H Pflueger will serve a copy of this order on all interested parties who are non-CM/ECF users and file a proof of service within three days of entry of the order.

---

[29] *In re Pace*, 569 B.R.at 274.
[30] *In re Hart*, 328 F.3d at 46.